**E-FILED**
Thursday, 31 October, 2013  01:20:37 PM
Clerk, U.S. District Court, ILCD

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

DAVID WYNTER )
)
)
Plaintiff )
)
vs. )          Case No. _____
)          *(The case number will be assigned by the clerk)*
SUSAN K PRENTICE )
HELEN HAMILTON )
ANGELICA JOYNER )
PAT HASTINGS )
TERRI ANDERSON )
_____ )
_____ )
_____ )
)
Defendant(s) )

*(List the full name of ALL plaintiffs and defendants in the caption above.  If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known.  This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).  However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims.  Many prisoners' legal claims arise from other federal laws.  Your particular claim may be based on different or additional sources of federal law.  You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I.  FEDERAL JURISDICTION

_____

*\*Please refer to the instructions when filling out this complaint.  Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint.  This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A.  Plaintiff:

Full Name: David Wynter

Prison Identification Number: N.04231

Current address: 700 West Lincoln Street, Pontiac, Illinois 61764.

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B.  Defendants

Defendant #1:

Full Name: Susan K. Prentice

Current Job Title: Lieutenant

Current Work Address Pontiac, C.C. 700 W. Lincoln Street Pontiac IL 61764.

Defendant #2:

Full Name: Helen R Hamilton

Current Job Title: Lt. Adjustment Committee Chairperson

Current Work Address 700 W. Lincoln Street Pontiac IL 61764.

Defendant #3:

Full Name: Angelica Joyner

Current Job Title: C/o Adjustment Committee Member

Current Work Address Pontiac C.C. 700 W Lincoln
Street Pontiac IL 61764

Defendant #4:

Full Name: Pat Hastings

Current Job Title: Grievance Officer

Current Work Address 700 W. Lincoln Street
Pontiac IL 61764

Defendant #5:

Full Name: Terri Anderson

Current Job Title: Administrative Review Board Member

Current Work Address 1301 Concordia Court P.O. Box
19277 Springfield Illinois 62794-9277

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The *"three strikes rule"* bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?        Yes ☐        No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒        No ☐

C. If your answer to B is yes, how many?  3   Describe the lawsuit(s) below.

1. Name of Case, court and Docket Number.
   David Wynn v. Dr. Garlick, U.S. District Court Central 1:13CV-01466

2. Basic Claim Made.
   Forced Suicide Watch

3. Disposition
   Still Pending.

1. David Wynn v.??? (Wilson) Central District Court.

2. Basic Claim Made

3. Conditions of Confinement.

1. Name of Case, Court and Docket Number
David Winton v. Deputy Gallagher, U.S. District Court, '05-CV05928

2. Basic claim made Excessive use of Force.

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) It was Settled For Twenty Thousand dollars.

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

      Yes ☒   No ☐

If your answer is no, explain why not _____
_____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence Pontiac Correctional Center

Date(s) of the occurrence 11/24/2011

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

November 24, 2011 at 7:45 am. C/o Torres (Brady) Served me breakfast in cell 320 in the east cell house. This was Thanksgiving day and with all prison holidays there was a lot of food, and I began to eat. While ms. Brady was giving 321 his food, I walked to the door and loudly stated Detroit Fans should not think they could win over the Green Bay Packers.

When I did not get a response. I resumed eating breakfast and watching the James Bond movie on my television.

A few minutes later Lt. Prentice arrived at my cell door and told me to "cuff up." I put down the doughnut and was about to turn on the light when she insisted I "cuff up right now." So I complied. I have a right to wear clothes. Lt. Prentice dragged me from cell 320 bare feet, clad only in boxer shorts no tee shirt, and ordered c/o Hall to chain me to a bench by the exit where it was freezing.

According to Lt. Prentice she was on Dale gallery and she said me on three gallery in my cell engaged

5

in the act of masturbation. This did not occur, and I never said it. Prentice on one gallery, and clo torres/brady say she did not see it. Prentice on one gallery a the time I made the comment about football.

It. Prentice wrote a disciplinary which alleged she gave me a direct order to stop doing that disrespectful behavior and I refused. Ms. Brady told me she never heard It. Prentice give any direct order that morning and clo Hall was passing trays on one gallery also told me he did not hear It. Prentice make any such statement. Exhibit A.

I presented a written defense to the allegations after making a timely request that clo torres-Brady, and clo Hall be called as my witnesses and that the defense I have requires the Adjustment committee review the videotapes from the two security cameras which would show It. Prentice only got to cell 116 when she interrupted a conversation with that inmate, and came to 320 stating she was going to make an example out of somebody. The Adjustment committee ignored my defense. no witness were called, or tapes reviewed as set forth in Exhibit B.

The adjustment committee denied me due process when they did not contact my witnesses yet they acknowledged receiving my written defense Exhibit C.

Grievance officer processed This Four Pages
grievance # 20110548871 And denied Me due Process
by ignoring The Witness exclusion and video Tape
issues Exhibit D.

Grievance officers Pat Hastings response Exhibit E
The Administrative Review Board remanded The
grievance To Pontiac, June 18, 2012 Exhibit F.
Final grievances response From The ARB September
18, 2012 Which exhausts administrative remedies
Exhibit G

I was behind a solid steel door with some small
Perforations The morning of 11/24/2011, I Violated
no rules in (( Practice)) Presence Which I
Could Prove With The Witnesses requested,
along with reviews of The security camera
Video Tapes, but was denied due process by
all of These defendants.

In denying Me due Process They merely Adopted
The reporting employee's report a violation
of Their own Policies regarding Adjustment
Committee hearings Exhibit H. It is impossible
To see inside a solid steel cell on 3 galleys From me galleys.

RELIEF REQUESTED

(State what relief you want from the court.)

For The Complete denial of due Process Which

7

re.Sulted From The Fabricated disciplinary misproctice
Waiting on The grievance Process was Futile They
Never addressed The issues. I Want one Hundred dollars
Per day For The 365 days in disciplinary Segregation
and one hundred Thousand dollars From each of
These defendants For Punitive damages. I Suffer From
arthritis and depression which is exacerbated due To
limited movement. This law Suit does Not Seek Nor
request The restoration of any good Time They revoked.

JURY DEMAND        Yes ▉        No ☐

Signed this ___31___ day of _October_____ , 20_13___.

_David Wyatt_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| David Wyater | A 04231 |
| Address: pontiac c.c. 700 w. Lincoln Street Pontiac Illinois 61264 | Telephone Number: |

in 28 / 2013

Dear clinical Service Staff

Please complete This Court document and forward a printout of my Trust Fund account for The Past Six months when you return it. Thanks. David Winter

David Winter
N. 04231
W. C. H. 413.

You must forward
to Trust Fund
with court paperwork.

10/3/2013

Dear Clerk,

The Prison Trust Fund office refuses to comply
with my request for the required six Month
Transaction history. David Wilson

David Wilson
N.04231
700 W Lincoln Street
Pontiac IL 61764.



**Illinois**
Department of
**Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

Pontiac Correctional Center/700 W. Lincoln Street/P.O. Box 99/Pontiac, IL 61764/Telephone:(815)842-2816/TDD: (800)526-0844

## MEMORANDUM

DATE: *10-30-13*

TO: *David Wynter, N04231*

FROM:   Trust Fund

SUBJECT:   Trust Fund Request

We are in receipt of your request for a transaction statement. It is the policy of the Pontiac Correctional Center that a 90 day transaction statement will be provided upon request once every 30 days.

If you need a six month transaction statement to send to the federal court, your request must be accompanied by either A or B noted below. If you need a six month transaction statement to send to the circuit court, your request must be accompanied by C.

- A.) A court order requiring you to provide the transaction statement.
- B.) The Forma Pauperis Certificate attached to your original completed complaint. Your submitted documents will be returned to you with the requested transaction statement and completed Forma Pauperis Certification.
- C.) Your original completed complaint, which will be returned to you with the requested transaction statement.

If you have any questions, please contact your correctional counselor.

NOTE:  LAST STATEMENT DATE: _____

cc:   file; chron

## CERTIFICATE

(TO BE COMPLETED FOR PRISONERS ONLY.  THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER.)

    I hereby certify that the plaintiff or petitioner in this action has the sum of $ _____ in his trust account at the correctional center where he is confined.  I further certify that the plaintiff or petitioner has the following securites to his credit according to the records of this institution:

_____

_____

_____

_____

_____

 

_____

(Authorized Officer)

_____

(Institution)

_____

(Title)

DATE _____

IMPORTANT:
   THIS CERTIFICATE MUST BE ACCOMPANIED BY A COPY OF A SIX-MONTH LEDGER OF THE PLAINTIFF'S TRUST FUND ACCOUNT.

3

# EXHIBITS

EXHIBIT A    Tr.Practices 11/24/2011 disciplinary

EXHIBIT B    Written release requesting witnesses
             Hall and Torres-Brady and video tape reviewed

EXHIBIT C    The Adjustment Committee acknowledged
             receiving my written defense yet stated
             "No Witnesses requested".

EXHIBIT D    Grievance officer Pat Hastings processed
             a four page grievance # 2011 05488/1
             concerning The 11/24/2011 disciplinary.

EXHIBIT E    Pat Hastings response to my grievance
             concerning Tr.Practices 11/24/2011 disciplinary

EXHIBIT F    Remand of grievance # 2011 05488/1 to
             Pontiac on June 18, 2013

EXHIBIT G    Response to grievance # 2011 05488/1
             by Terri Anderson of the Administrative
             Review Board.

EXHIBIT H    Legal document from Springfield
             outlining evidence Standard for
             Adjustment Committee hearings.

E112

EXHIBIT A

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**
Pontiac Correctional Facility

Type of Report: ☑ Disciplinary ☐ Investigative   Date: 11-24-11

Offender Name: Winter    ID #: N04231

Observation Date: 11-24-11  Approximate Time: 745 ☑ a.m. ☐ p.m.  Location: ECH 320

Offense(s): DR 504: 107 Sexual Misconduct 304 Insolence, 403 Disobeying a direct order.

Observation: (NOTE: Each offense identified above must be substantiated.) On the above date and approx. time this reporting lieutenant it was touring One gallery west house. This reporting lieutenant it was looking onto three gallery and observed inmate Winter E320 stand at his door masturbating. This reporting lieutenant gave inmate Winter a direct order to stop this disrespectful behavior which he refused. Inmate Winter was removed from his cell and placed on one gallery. Inmate Winter identified by State issued identification card. EOR

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

Reporting Employee (Print Name): W. Strenter   Badge #: 3305   Signature: H. Strenter   Date: 11-24-11   Time: X10 ☑ a.m. ☐ p.m.

**Disciplinary Action:**

Shift Review: ☐ Temporary Confinement  ☐ Investigative Status  Reasons:

Printed Name and Badge #    Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)   Date

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer  Comment:

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date 11-27-1

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

Serving Employee (Print Name): M. Copeland   Offender's Signature: S/R   ID#:   Signature:

Date Served: 11-24-11   Time Served:   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

EXHIBIT B

WRITTEN RESPONSE TO NOVEMBER 24, 2011 DISCIPLINARY BY LT. PRENTICE

I plead not guilty to the allegations set forth in Lt. Prentices' disciplinary and request this written response. be attached to the summary.

I object to Lt. Gishs' participation in the adjudication of this disciplinary.

Due to a pending complaint I have against Lt. Gish in Livingston County Circuit Court it is my belief, he cannot be impartial in this hearing.

Exhibit A

An offender who objects to a member of the committee based on a lack of impartiality must raise the matter at the beginning of the hearing.
The committee shall document the basis of the objection and the decision in the adjustment committee summary.

Exhibit B

On 11-24-11 the gallery officer passed out breakfast trays and I began to eat so I could finish before she picked up the trays.
At one point while eating I walked to the door and shouted out "Who thinks detroit can beat green bay" I did not see Lt. Prentice on one gallery.
Only later did I discover that at the time I shouted Lt. Prentice was talking to the inmate in cell 116.
Based on the allegation in the disciplinary, she observed me standing in front of the door on three gallery masturbating, I have requested review of the videotape from the security camera which located 10 feet away, will clearly show that at no time did Lt. Prentice pass 116 that morning, and my cell 320 is made of solid steel with perforations.

There is a solid piece of steel with no perforations in front of cells 318 to 320 which in 320 goes from my abdomen, almost to my knees.

Lt. Prentice was on another gallery four cells away, it is impossible for her to have made the observations alleged in the disciplinary.

I object to the hearing being conducted without my request for review of the security camera videotape being reviewed which is my defense, also.

After making a statement she was going to make an example out of somebody that morning, Lt. Prentice was at my door telling me to "cuff up."

She knew it was I who shouted on the gallery that morning.

Lt. Prentice moved me from 709 to 320 for the same thing, talking loud on the gallery.

The breakfast was half-eaten when she told me to "cuff up", refusing to allow me to get dressed, she refused to allow me to turn the light on to look for my shower shoes.

Lt. Prentice removed me from my cell clad only in boxer shorts and bare feet with no tee shirt, where she ordered I be handcuffed in the holding cell next to the exit.

As the officers were in and out the door every few seconds taking out breakfast carts I was freezing. When I brought this to Lt. Prentice's attention she responded "you'll survive".

While Lt. Prentice went back to 320 where she and another officer, Josal went through my property, I was chained up half naked till almost lunch which time she ordered C/O Hall to put me in cell 112 and put plexiglass at the top and bottom of the door.

While in that West Cell House, from 11-18-10 to 8-(~)-11
I never received a single disciplinary, yet Lt. Prentice
kept me in E. 919 for over two months.
One time I asked her why I was being kept behind
perforated doors for so long she stated they were
regular cells, yet she got angry when I asked her why
only black inmates were in 919-922.
I have lost count how many times Lt. Prentice has
stopped at my cell reminding me to be quiet, even
rousing me out my sleep one time to say it,
while I was taking psychotropic medications,
I find it offensive when Lt. Prentice calls me crazy.
Regardless how Lt. Prentice feels about me
personally dragging me from my cell bare feet and
half-naked, then chaining me up by an exit door to
freeze, serves no legitimate security function and
is an abuse of authority.
I have requested 3 gallery officer Brades as a witness,
she can tell this committee, Lt. Prentice did not give
me any direct order that morning. And why would
she? I never violated any rules in her presence.
I also request C/o Hall who worked on one gallery that
morning for a witness. No direct order was given by
Lt. Prentice that morning.
As a result of the cell removal, all correspondences
from Judith E. Cremer the Livingston County Court
Clerk are missing from my legal files, including;
Court orders, exhibits, motions and grievances
from the case with Lt. Gish and Warden Randy
Pfister.
I violated no rules in Lt. Prentice's presence on 11-24-11
Therefore I request the disciplinary be dismissed.

Respectfully David Wynter
David Wynter
#

OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

EXHIBIT C

**Name:** WYNTER, DAVID

**Hearing Date/Time:** 12/5/2011  08:59 AM

**Incident Number:** 201105488/1 - PON

**IDOC Number:** N04231

**Living Unit:** PON-E-01-12

**Status:** Final

**Race:** BLK

**Orientation Status:** N/A

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 11/24/2011 | 201105488/1-PON | PRENTICE, SUSAN K | EAST HOUSE | 07:45 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 107 | Sexual Misconduct | Guilty |
|  | *Comments:MASTURBATING* | |
| 304 | Insolence | |
| 403 | Disobeying A Direct Order | Guilty |
|  | | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
REPORT READ.  OFFENDER PLEADS NOT GUILTY.

SUBMITS WRITTEN STATEMENT SAYING "THE REPORTING LIEUTENANT GAVE ME NO DIRECT ORDER CONCERNING MISCONDUCT ON 11-26-11. AS I WAS IN CELL 320 BEHIND A PERFORATED DOOR, SHE THEREFORE COULD NOT MAKE THE OBSERVATION ALLEGED IN HER DISCIPLINARY THAT SHE HAPPENED TO LOOK UP AT THREE GALLERY WHILE TOURING ONE GALLERY."

## BASIS FOR DECISION
BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEE, WHILE TOURING ONE GALLERY, LOOKED ONTO THREE GALLERY AND OFFENDER WYNTER WAS STANDING AT HIS DOOR MASTURBATING. WYNTER WAS GIVEN A DIRECT ORDER TO STOP AND WYNTER REFUSED.

THE POSITIVE IDENTIFICATION OF THE OFFENDER BY IDENTIFICATION CARD;

THE COMMITTEE IS SATISFIED THE VIOLATIONS OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| 1 Year Audio/Visual Restriction | 1 Year Audio/Visual Restriction |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| HAMILTON, HELEN R  - Chair Person | | 12/05/11 | WHI |
| JOYNER, ANGELICA | | 12/05/11 | HSP |
| Recommended Action Approved | | | |

## Final Comments: N/A

## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

EXHIBIT C

| | | |
|---|---|---|
| Name: WYNTER, DAVID | IDOC Number: N04231 | Race: BLK |
| Hearing Date/Time: 12/5/2011  08:59 AM | Living Unit: PON-E-01-12 | Orientation Status: N/A |
| Incident Number: 201105488/1 - PON | Status: Final | |

RANDY S PFISTER / RSP  12/14/2011
_____
Chief Administrative Officer

Signature _____     Date  12/14/11

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____
Employee Serving Copy to Committed Person

When Served -- Date and Time
VIA MAIL 12/20/11 09A

M5488 11

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

055687

EXHibit Q

| Date: 12-9-2011 | Offender: (Please Print) David Wynter | ID#: N04231 |

Present Facility: Pontiac
Facility where grievance issue occurred: Pontiac

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [x] Disciplinary Report: 11 / 24 /2011
  Date of Report
  Facility where issued: Pontiac

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ON 11-24-2011 c/o Copeland # 5714 brought me a yellow copy of a disciplinary with "offender refused to sign" already checked off. I was not given that option I wanted to sign the disciplinary in triplicate and list the names of my witnesses and request review of the video tape is from one gallery security camera 105. I did however detach the witness portion of the yellow copy and requested the adjustment committee interview c/o Hall who was passing breakfast trays on one gallery n D.J and Mr Torvez-Brady present on 3 gallery at the time of the alleged incident.

Relief Requested: That the adjustment committee denied me the procedures/safeguards of DR 504 I request the disciplinary be expunged the evidence I submitted to prove my innocence was disregarded.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

David Wynter                    N04231  18  12 / 09 / 2011
Offender's Signature                              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

Print Counselor's Name | Counselor's Signature | Date of Response

---

**EMERGENCY REVIEW**

Date Received: JAN 3, 2012

Is this determined to be of an emergency nature?

- [ ] Yes: expedite emergency grievance
- [ ] No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature | Date

Distribution: Master File; Offender

Printed on Recycled Paper

DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

(2) EXHIBIT D

During mail pick-up that night I handed my little reviewer portion of the disciplinary to C/O Conrad.
Upon receiving my tray from C/O Brady I began eating breakfast and walked over to the door and shouted "Who Think I detroit can beat green bay."
I did not see Lt. Prentice on our gallery at the time I shouted on the gallery from cell 320 (see response written released)
+ violated no rules is Lt. Prentice's presence. On 11-24-2011 yet she wrote a disciplinary alleging she looked up at three gallery and observed me at the door on three gallery masturbating and she gave me a direct order to stop masturbating and I refused.
+ later learned that Lt. Prentice was talking with the inmate, cell 116 that was 2118 and that she never passed that cell therefore she could not have made that observation and I was eating breakfast not masturbating.
Cell 320 is a door of solid steel with perforation. It is difficult to see inside a steel cell with perforation while standing directly in front of it on the same gallery.
I requested the committee call Mr. Brady and Mr. Hall and ask them if while they were passing trays they heard Lt. Prentice give me a direct order to "stop masturbating."
Three times during this one page disciplinary Lt. Prentice referred to herself all "this reporting lieutenant."
Yet none of that occurred I definitely was not eating breakfast while masturbating beside there is a solid piece of steel with no perforation which goes from my abdomen almost to my ~~the~~ knees.
(See Page Two written response.)
Adjustment committee chairperson Lt. Teresa Hamilton accepted my written response to this disciplinary and ack nowledged receiving it (see summary) but the summary also said I did not request any witnesses.
On Page Three of my written response, which I also requested be attached to the summary clearly shows + I requested C/O Prentiz-Brady and C/O Hall as my witnesses.
On Page one I requested the request for review of the security camera videotape which I submitted with my witness request 11-24-11.
On Page Two of my written request I objected to the hearing being conducted without my request for review of the security camera videotape being considered which is

(3)   Exhibit D

Which is my defense. Also

Security cameras are located 10 feet from my cell 320
And would have been pointed directly at Lt. Prentice
on our gallery. There is also a security camera
in a bubble on the wall by cell eleven on our
gallery.

Not only did the committee erroneously deprive me,
of the right to call witnesses in my defense, was also
irreparably compromised when my timely request for
review of the security camera video tape to prove,
Lt. Prentice never passed cell 116 that morning
Therefore could not have made the observations
alledged in her disciplinary as never granted nor is it
mentioned in the summary that I objected to the
hearing being conducted without said review being conducted
(see written response Page two)

Lt. Prentice handcuffed me and dragged me from cell 320
bare feet clad only in boxer shorts and had me chained
up by the exit door freezing with no shirt while the
officers were in and out the door taking our
breakfast carts, when I brought it to her attention
I was freezing her response was You'll survive.
I was kept in that condition from breakfast till
lunch when Lt. Prentice ordered c/o Hall to put me in
Cell 112 and put Plexiglass partition on the top
and bottom of the door.

I had not displayed any aggression and was
already behind a perforated door where Lt. Prentice
put me on 11-14-2011, according to her for talking too
loudly on the gallery I was behind bars in cell 709
I moved from the West cell house where inmine mos
I never received a disciplinary yet since moving to
east house R-1-2011 Lt. Prentice kept me behind
perforated doors all but two weeks and then she moved
me to cell 320.

After dragging me out of cell 320 on 11-24-2011
Lt. Prentice then back to 320 and personally directed
c/o Loyal in packing my property.

When I received my property all court documents
pertaining to a pending case against Lt. Gioe where
he moved from my legal file (see Exhibit A) it took an
emergency grievance and three weeks to have those
court documents returned.

(4)

Exhibit D

The Adjustment Committee hearing was defective due to the improper exclusion of witnesses.
DR 504 H-4.

Absent a compelling interest reason by the Adjustment committee, due process required that my witnesses be called to testify.

The committee besides failing to call my requested witnesses erroneously state on the Summary "None Requested" despite having a copy of my written Summary a copy of which is attached to this grievance which clearly shows a witness request which complemented the detached witness request I handed c/o Scott on 11-24-11.

The DR 504 allows me to present documentary evidence which in this case was my request the video tape from the security camera to be reviewed. The committee failed to consider this requested evidence, or to justify its exclusion.

The Adjustment Committee failed to give an adequate statement as to the evidence relied upon to support the disciplinary action taken. Rather than call my requested witnesses or review tangible documentary evidence ie the video tapes, the Adjustment Committee merely incorporated the statement from the disciplinary report.

"Based on the observation of the reporting employee, while touring one gallery looked onto three gallery and offender Hunter was standing at his door masturbating. Hunter was given a direct order to stop and Hunter refused"

I requested these two staff members be called c/o Hall and c/o Torres - Brady be interviewed in support of my defense. They were present on their respective galleries c/o Hall on one and Torres on three and that would cancel the deliberate fabrication which allege the giving of a direct order, namely all discretionary weight and in positive context.

Review of the video tape from either video camera would show I practice never said cell ill that morning. Therefore it's impossible to make the observation alleged about No 1-320 is a perforated cell behind a door with a solid piece of steel which goes from my lower abdomen almost to my knees.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

EXHIBIT E

### Grievance Officer's Report

Date Received: January 3, 2012        Date of Review: January 13, 2012        Grievance # (optional): 055637

Committed Person: David Wynter        ID#: N04231

Nature of Grievance: IDR of 11-24-11 by C/O Prentice

*Lietenant Prentice*

**Facts Reviewed:**

This Grievance Officer reviewed the Disciplinary Report form, the Adjustment Committee Final Summary Report form, and all other available information and determined the following:

The Disciplinary Report form indicates the report has been completed in compliance with DR 504. The offense line appropriately reflects DR 504 charges, #107 Sexual Misconduct, #304 Insolence, #403 Disobey Direct Order. The observation area contains sufficient information to substantiate the charges. The offender was served a copy of the Disciplinary Report and the serving employee's signature is legibly noted on the report with the date and the time of serving the report.

The Adjustment Committee Report form indicates appropriate information. The Adjustment Committee reviewed the DR within 14 days of the Disciplinary Report being written. No witnesses were requested. The Record of Proceedings reflects the offender's statement to the Adjustment Committee with regard to his defense of the Disciplinary Report. Report read. Offender pleads not guilty. Subits written statement saying "The reporting lieutenant gave me no direct order concerning misconduct on 11-26-11 as I was in cell 320 behind a perforated door, she therefore could not make the observation alleged in her disciplinary that she happened to look up at 3 gallery while touring 1 gallery. The Adjustment Committee determined the offender guilty of #107 Sexual Misconduct, #304 Insolence, #403 Disobey Direct Order. The Basis for Decision indicates two complete rationales recorded by the Adjustment Committee indicating why they found the offender guilty. These rationales being, observation of Reporting Employee, while touring one gallery looked onto three gallery and Offender Wynter was standing at his door masturbating, Wynter was given a direct order to stop and Wynter refused and the positive identification of the offender by identification card; the Committee is satisfied the violations occurred as reported. The documentation reflects appropriate composition of the Committee with a Chairman and at least one member. One of these individuals is a minority.

The disciplinary sanctions recommended, and approved by the CAO, are in compliance with DR 504A.

**Recommendation:** Based upon a total review of all available information, and a compliance check of the procedural due process safeguards outlined in Department Rule 504, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED.

_____        _____
Print Grievance Officer's Name                     Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 1/17/12        ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

_____                                        1/17/12
Chief Administrative Officer's Signature                                        Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____        _____
Committed Person's Signature                 ID#                    Date



EXHIBIT F

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

# Illinois
## Department of
### Corrections

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

June 18, 2012

David Wynter
Register No. N04231
Pontiac Correctional Center

Dear Mr. Wynter:

This is in response to your grievance received on January 23, 2012, regarding a disciplinary report dated November 24, 2011, which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance dated December 29, 2011 regarding the above issued disciplinary report. You claim submitted witnesses and state in your written response to the Adjustment Committee you would like the video cameras reviewed and 3 gallery, Security Officer Brady as a witnesses.

This office has reviewed the disciplinary report written on November 24, 2011 by Lt. Prentice citing you for the offense of 107-Sexual Misconduct, 304-Insolence and 403-Disobeying A Direct Order.

The Pontiac Adjustment Committee reviewed the report (201105488/1-PON) December 5, 2011 and found you guilty of the charges. Recommended discipline was 1 year C Grade, 1 year Segregation and 1 year Audio/Visual Restriction, which the Chief Administrative Officer concurred with on December 14, 2011.

The Grievance Officer's Report (055637) and subsequent recommendation dated January 13, 2012 and approval by the Chief Administrative Officer on January 17, 2012 have been reviewed.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the grievance be remanded back to the Pontiac Adjustment Committee to substantiate the charges in its summary on incident 201105488/1-PON clarifying claims of visibility from one gallery to three gallery, visibility through perforated door to ECH320, location of Lt Prentice to offender when direct order was given and calling requested witness. Upon completion, a copy of the amended summary is to be provided to this office. Upon receipt, this office will finalize this review.

FOR THE BOARD: _Gina Allen_
Gina Allen
Administrative Review Board
Office of Inmate Issues

I CONCUR: Pontiac Adjustment Committee is to proceed accordingly.

S.A. Godinez
Director
7/19/12

cc:   Warden Randy Pfister, Pontiac Correctional Center
Adjustment Committee, Pontiac Correctional Center
David Wynter, Register No. N04231
Tickler



EXHIBIT G

**Illinois
Department of
Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

1301 Concordia Court • P.O. Box 19277
Springfield IL 62794-9277

Telephone: (217) 558-2200
TDD: (800) 526-0844

September 18, 2013

David Wynter
Register No. N04231
Pontiac Correctional Center

Dear Mr. Wynter:

This will finalize your grievance originally addressed by the ARB on June 18, 2012 regarding a disciplinary report dated November 24, 2011. This office had referred the issue to the Pontiac Correctional Center for additional information regarding the incident.

This office is in receipt of a statement provided by Lt. Prentice which indicates she was on one gallery of East Cell House standing against the wall looking up at cell 320 and could clearly see Offender Wynter masturbating.

Therefore, based on a review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, the grievance is denied.

For The Board: _____

Terri Anderson
Administrative Review Board
Office of Inmate Issues

Concurred: _____

S.A. Godinez
Director

CC:  Warden, Pontiac CC
         David Wynter, N04231

OF
CORRECTIONS                    LEGAL DOCUMENT

September 28, 19__

Date:

To:     Adjustment Committee

From:   Administrative Review Board

Subject: BASIS FOR DECISION



Attached you will find a compilation of examples which may be utilized
as a tool to guide you in specifying adequate basis for decision. Most
examples cannot be used singularly. These are provided to further your
understanding of what is or is not sufficient rendering in a finding of
guilt.

Remember it is NOT sufficient to state:

* "We rely on the officer's report as written."

* "Committee took Resident's statement into consideration.
  Resident did not provide any evidence to refute charges.
  Committee relied on the results of the investigation conducted
  by Lieutenant."

* "Because of the statement of the reporting officer, we find the
  inmate guilty."

* "Based on the investigative report, we find the inmate guilty."

* "We adopt the officer's report."

* "The ticket states that _____ ."

  "Seriousness of offense."

As each disciplinary report is unique, so should each basis for decision
be worded in such a manner that a "rubber-stamp" impression is not given.
Same may be believed in considering the individual aspects of each case.

Whenever you are uncertain about a particular case, you may contact any
one of the ARB chairpersons.

In Re: "Cardibility Of Reporting Officer"

The drafter avers, the "landmark" case addressing the Illinois Dept. of Corrections "boilerplate" use, justifying finding an inmate guilty, "based on the credibility of the reporting officer" ~~was outlawed~~ and prohibited in 1981 with. The Seventh Circuit Court of Appeals thorough explanation in Chavis v. Rowe, 643 F.2d 1281, 1287 (7th Cir. 1981) The Court of Appeals held that, "...the adjustment committee violated Chavis' due process rights by failing to provide Chavis with a written statement as to the evidence relied on and the reasons for the disciplinary action..." The Court describes the Adj. Comm. findings as follows:

> "The Adjustment Committee's report...conclusion...simply said:
> 'We recognize and consider the resident['s statement;'] how-
> ever[,] we accept the reporting officer['s charges.'"

The Court dismissed the report and stated:

> "It did not mention what evidence the reporting officer relied on,
> the investigatory report containing exculpatory evidence, or Officer
> Slipp's earlier report. It gave no clear indication of why the re-
> porting officer was to be believed rather than Chavis or Officer Slipp
> The statement thus falls short of Wolff's requirement that a written
> record of the proceedings be provided in order to protect the inmate
> against collateral consequences and to insure that prison officials
> acted fairly..."

Chavis 643 F.2d at 1281[2]

While Chavis v. Rowe, supra, is the leading case on this issue; several cases follwed the ruling in Chavis thereafter. Unfortunately; despite the protective rule of law, Illinois Dept. of Corrections officials and the agents thereof, continue to overtly violate inmates Constitutional Rights to procedural due process. Campbell v. Henman, 931 F.2d 1212 (7th Cir. 1991) Moreover, the Seventh Circuit recently addressed a case that has been relitigated for the past 10 years. Black v. Lane, 22 F.3d 1395 (7th Cir. 1994) (explains that decisions from authority is binding of the lower Courts as well as the I.D.O.C. officials).

When the Seventh Circuit reversed the Chavis case, the "legal department," of the Illinois Dept. of Corrections, in an "internal memorandum," thoroughly ex- plained the case to all officials currently or scheduled to work in the Adj.