UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID WYNTER,
    Plaintiff,

vs.                                          13-1518

SUSAN K. PRENTICE, et.al.,
    Defendants.

MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a *pro se* prisoner, has filed his lawsuit pursuant to 28 U.S.C. §1983 claiming his constitutional rights were violated at the Pontiac Correctional Center. The Plaintiff has identified five Defendants including Lieutenant Susan Prentice, Adjustment Committee Members Helen Hamilton and Angelica Joyner, Grievance Officer Pat Hastings and Administrative Review Board Member Terri Anderson.

    The Plaintiff's handwriting is somewhat difficult to decipher. Nonetheless, he alleges Defendant Prentice wrote a false disciplinary ticket against him on November 24, 2011 accusing him of masturbating and refusing her direct order to stop. The Plaintiff says none of the allegations are true. He claims his grievance officer and the Administrative Review Board violated his due process rights in the disciplinary hearings because they refused to interview his witnesses and refused to consider whether the officer could really see the Plaintiff behind his cell's perforated door.

    The Plaintiff has included a copy of the Adjustment Committee Report report from December 5, 2011 which found him guilty of the disciplinary ticket and recommended one year in segregation, one year c-grade status and a one year audio-visual restriction. (Comp, p. 19). On June 18, 2013, the Administrative Review Board remanded the grievance back to Pontiac Correctional Center for further information. (Comp., p. 26). On September 18, 2013, the additional information had been provided and the board denied the Plaintiff's grievance. (Comp, p. 27). The Plaintiff says he suffered with arthritis and depression during his yearlong stay in segregation and he is requesting damages.

    "When a plaintiff brings an action under §1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Neal v. Fairman*, 1995 WL 649923 at 2(7th Cir. Nov. 2,

1995) *citing Zinermon v Burch*, 494 U.S. 113, 125 (1990). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not violate due process. *Marion v Columbia Corr. Inst*., 559 F.3d 693, 697 (7th Cir. 2009)*(collecting cases).* However, the Seventh Circuit has also "explained that a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals the conditions of confinement are unusually harsh." *Marion v Columbia Correctional Inst*., 559 F.3d 693, 697-98 (2009). Therefore, the Seventh Circuit has vacated a dismissal on the pleadings involving a one year term of segregation and remanded for additional fact-finding. *Wagner v Hanks*, 128 F.3d 1173, 1174 (7th Cir. 1997).

The Plaintiff has stated a due process claim for the purposes of notice pleading, although he will have to demonstrate the conditions of disciplinary segregation are significantly more restrictive than other conditions of confinement. The Plaintiff has properly alleged Defendants Hamilton and Joyner violated his due process rights during the disciplinary proceeding. However, the disciplinary ticket was not overturned and Defendant Prentice was not involved in the decision to impose specific discipline. Therefore, the Plaintiff has not articulated a claim against this Defendant. In addition, Defendants Hastings and Anderson's denial of the Plaintiff's grievance is not sufficient for liability. *Manges v Harman*, 2012 WL 3044261 at 3 (N.D. Ind. July 24, 2012)("if a grievance official ignores, mishandles or denies a prisoner's grievance, but does not cause or otherwise participate in the underlying conduct, that does state a claim under §1983").

The Plaintiff has also filed a motion for appointment of counsel.[4] In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff says he has contacted several attorneys without a response, but provides nothing further. The Plaintiff has not demonstrated a reasonable attempt to find counsel on his own such as a list of those contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [4]

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds that Plaintiff alleges Defendants Hamilton and Joyner violated his due process rights during a disciplinary hearing. The claim is stated against the Defendants in their individual and official capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Prentice, Hasting and Anderson for failure to state a claim upon which relief can be granted pursuant to §1915A; 2) deny Plaintiff's motion for**

**appointment of counsel,[4]; 3) Attempt service on the surviving Defendants pursuant to the standard procedures; and 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 5th day of December, 2013.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE